1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

United States District Court
Northern District of California

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

THOMAS W. ORR AND PATRA K. ORR,

    Plaintiffs,

    **vs.**

U.S. BANK NATIONAL ASSOCIATION, ET AL.,

    Defendants.

Case No.: 4:21-CV-2453-YGR

**ORDER GRANTING APPLICATION TO PROCEED *IN FORMA PAUPERIS*; DISMISSING COMPLAINT WITH LEAVE TO AMEND; DENYING REQUESTS FOR PRELIMINARY INJUNCTION AND TEMPORARY RESTRAINING ORDER; AND DENYING MOTION TO DISMISS AS MOOT**

Re: Dkt. Nos. 2 and 8

    The Court has received plaintiffs' complaint, application to proceed *in forma pauperis*, and letter captioned "emergency filing," each filed on April 2, 2021.  (Dkts. Nos. 1, 2 and 4.)  Plaintiffs seek "an immediate order pursuant to Federal Rule of Civil Procedure 65 and Local Rule 65-1 for a preliminary injunction with immediate ingress without additional notice pending a permanent injunction enjoining defendants [from] executing writ of foreclosure and additionally voiding the defective judicial foreclosure upon which they are basing their authority and recall of writ of possession."  (Dkt. No. 1 at 2–3.)  Plaintiffs allege that they "were victims of a non-judicial foreclosure," which, based upon an attached trustee's deed of sale, apparently occurred in 2018.  (*Id.* at 3; Exhibit 4.)  By declaration dated March 17, 2021, plaintiff Thomas Orr states that he was evicted that day.  (Dkt. No. 1, Declaration by Thomas Orr dated March 17, 2021.)  As the foreclosure sale and eviction have already occurred prior to the filing, plaintiffs appear to seek an ex parte temporary restraining order ("TRO") allowing them to reenter their home.  For the reasons set forth below, plaintiffs' request for a preliminary injunction and a temporary restraining order is **DENIED** and their complaint is **DISMISSED WITH LEAVE TO AMEND**.

    As an initial matter, plaintiffs' request for an ex parte TRO is denied as they failed to make any showing as to why notice should not be required.  Under Federal Rule of Civil Procedure 65, a !

United States District Court
Northern District of California

1   court may issue a temporary restraining order without notice only if: "A) specific facts in an affidavit

2   or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will

3   result to the movant before the adverse party can be heard in opposition; and B) the movant's

4   attorney certifies in writing any efforts made to give notice and the reasons why it should not be

5   required."  *See also* Local Rule 65-1(b) ("Unless relieved by order of a Judge for good cause shown,

6   on or before the day of an ex parte motion for a temporary restraining order, counsel applying for the

7   temporary restraining order must deliver notice of such motion to opposing counsel or party.").

8   Plaintiffs appear to have been evicted either on March 10, 2021, pursuant to an attached notice of

9   restoration to the landlord, or on March 17, 2021, based on Mr. Orr's declaration.  (Dkt. No. 1, Orr

10  Declaration and Exhibit 5.)  While loss of one's home is an immediate and irreparable injury,

11  plaintiffs have been aware of the 2018 foreclosure for more than two years.  (Exhibit 4 (attaching

12  Trustee's Deed of Sale recorded September 6, 2018).)  Nowhere in the complaint do plaintiffs

13  contend that they lacked notice of the eviction.  Accordingly, this filing shall not be deemed an ex

14  parte emergency.

15       Additionally, plaintiffs' request for preliminary injunctive relief must be denied and their

16  complaint dismissed because they have failed to state a claim upon which relief may be granted.

17  Here, in its current form, the complaint is unclear and ambiguous.  Plaintiffs' complaint is captioned

18  as "Verified Complaint for Declaratory Judgment[,] Injunctive Relief Pending Permanent

19  Injunction[,] Writs of Quo Warranto[,] Prohibition[,] Cancellation of Instruments[,] Ingress, Fraud,

20  Civil Rights Violations[,] Violations of Fair Credit and Collection Act, Securities Fraud, Forgery[,

21  and] Demand Jury Trial."  However, with respect to these listed causes of action, the complaint fails

22  to set forth "a short and plain statement . . . showing that the pleader is entitled to relief" as required

23  by Rule 8 of the Federal Rules of Civil Procedure.  Instead, the complaint appears to allege causes of

24  action for (1) wrongful foreclosure "in violation of California Code of Civil Procedure 2924 in that

25  the non-judicial foreclosure occurred more than 365 days after the recording notice of default with

26  Sonoma County Recorder"; and (2) violation of plaintiffs' due process rights.  (Dkt. No. 1 at 5.)

27       First, the claim that the underlying foreclosure sale is void lacks a basis upon which relief can

28  be granted.   "Civil Code sections 2924 through 2924k provide a comprehensive framework for the

regulation of a nonjudicial foreclosure sale pursuant to a power of sale contained in a deed of trust." *Moeller v. Lien*, 25 Cal. App. 4th 822, 830 (1994) (summarizing the statutory requirements).  Section 2924(a)(1) provides: "[t]he trustee, mortgagee, or beneficiary, or any of their authorized agents" may commence the non-judicial foreclosure process by recording and serving a notice of default.  After the notice of default is posted, the trustee must then wait three months before posting a notice of sale. Cal. Civ. Code § 2924(b).  The sale may be postponed at any time, but a new notice of trustee's sale is required where the original sale is postponed greater than 365 days.  Cal. Civ. Code. § 2924(g). Here, the complaint does not allege any facts indicating that the relevant defendants failed to comply with the notice requirements of Civil Code section 2924g.

Moreover, to the extent that plaintiffs are alleging that the nonjudicial foreclosure sale violated due process, this claim fails as a matter of law since "a nonjudicial foreclosure is not state action or subject to the due process clauses of the federal and state Constitutions."  *See Lyons v. Santa Barbara County Sheriff's Office*, 231 Cal. App. 4th 1499, 1504 (2014) (citing *I.E. Assocs. v. Safeco Title Ins. Co.*, 39 Cal. 3d 281, 287 (1985); *Garfinkle v. Superior Court*, 21 Cal. 3d 268, 280– 82 (1978)).  Accordingly, plaintiffs' complaint is dismissed for failure to state cognizable claims.

"[A] district court should not dismiss a pro se complaint without leave to amend unless it is absolutely clear that the deficiencies of the complaint could not be cured by amendment."  *Akhtar v. Mesa*, 698 F.3d 1202, 1212 (9th Cir. 2012) (quotations omitted).  Therefore, the Court will permit plaintiffs an opportunity to amend to state a claim.

Accordingly, the **ORDERS** as follows:

(1) Plaintiffs' application to proceed *in forma pauperis* is **GRANTED**.

(2) Plaintiffs' complaint is **DISMISSED WITH LEAVE TO AMEND**.

(3) Plaintiffs' request for a preliminary injunction and a temporary restraining order is **DENIED**.

(4) The motion to dismiss brought by defendants U.S. Bank National Association, Anglin Flewelling & Ramussen LLP, and Michael Rapkine is **DENIED AS MOOT**.

(5) If plaintiffs wish to pursue this action, plaintiffs must file an amended complaint no later than **June 14, 2021**.

United States District Court
Northern District of California

3

United States District Court
Northern District of California

1   (6) If plaintiffs fail to amend, the case will be dismissed under Rule 41(b) for failure to

2   prosecute.  *See Toyota Landscape Co., Inc. v. Building Material & Dump Truck*

3   *Drivers Local 420*, 726 F.2d 525, 528 (9th Cir. 1984).

4   The Court advises plaintiff that the District Court has produced a guide for self-

5   represented/*pro se* litigants called Representing Yourself in Federal Court: A Handbook for *Pro Se*

6   Litigants, which provides instructions on how to proceed at every stage of a case, including

7   discovery, motions, and trial.  It is available electronically online (https://cand.uscourts.gov/wp-

8   content/uploads/2020/02/Pro_Se_Handbook_2020_links.pdf).

9   The Court also advises plaintiff that assistance is available through the Legal Help Center.

10   Parties can make an appointment to speak with an attorney who can provide basic legal information

11   and assistance.  The Help Center does not see people on a "drop-in" basis, and will not be able to

12   represent parties in their cases.  There is no charge for this service.  The Help Center's website is

13   available at https://cand.uscourts.gov/legal-help.

14   IT IS SO ORDERED.

15   This Order terminates Docket Numbers 2 and 8.

16

17   Date: May 13 2021   _____

18   YVONNE GONZALEZ ROGERS
     UNITED STATES DISTRICT COURT JUDGE

19

20

21

22

23

24

25

26

27

28

4